The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: December 29 2022

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 20-60533 |
| | ) | |
| Anthony Jeremy Eriksen | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Hon. Mary Ann Whipple |
| | ) | |

**ORDER**

This matter came before the court for hearing on December 19, 2022, on Debtor's Objection to Claim No. 1 filed by Navient Solutions, LLC on behalf of the United States Department of Education Loan Services ("DOE"). [Doc. # 37]. Participating by telephone at the hearing were attorneys for the Debtor and DOE, as well as the Chapter 7 Trustee.

Debtor objects to DOE's claim in this case, which is Claim No. 1 on the Claims Register in the amount of $13,832.77. Debtor asks that the claim be denied or, in the alternative, that distribution on the claim by the Trustee be held in abeyance until the issue of student debt forgiveness programs is resolved in the United States courts. Both DOE and the Trustee oppose Debtor's objection, DOE on the basis that it is a claim for a debt that was owed when the case was filed and that is owed at this time and the Trustee on the same basis, plus that it would be unfair to other creditors to hold open administration of this case indeterminately to await the uncertain outcome of litigation over student loan forgiveness programs.

The district court has jurisdiction over this Chapter 7 case under 28 U.S.C. § 1334(a) as a case under Title 11. This case has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of

Ohio. Matters concerning administration of the estate and allowance or disallowance of claims are core proceedings that this court may hear and determine. 28 U.S.C. § 157(a), (b)(2)(A), (B).

Debtor submits that a one-time federal student loan debt relief program announced by President Biden in August 2022 applies to the DOE claim and is a basis under the law to disallow it. It is undisputed that Debtor applied for the federal student loan debt relief plan on October 18, 2022. Debtor argues that if the debt is forgiven, it would no longer be a debt subject to distribution from the estate by the Trustee in accordance with the claim. It is also undisputed that the student loan forgiveness program is the subject of ongoing litigation and that issues therein will be heard by the United States Supreme Court in 2023.

Debtor filed his Chapter 7 petition on March 19, 2020. [Doc. # 1]. In his petition, Debtor lists unliquidated student loans of $16,900.00 due to DOE. [*Id*. at Schedule E/F, 4.5 at pp. 20/48]. They were not scheduled as disputed or contingent. Debtor received his discharge on July 17, 2020. [Doc. # 16]. He has not brought an adversary complaint seeking a determination that these loans are an undue hardship. Thus, they are excepted from his discharge under 11 U.S.C. § 523(a)(8). This case was closed as a no asset case on July 24, 2020.

On December 14, 2020, the Chapter 7 Trustee moved to reopen the case to enable him to administer newly discovered assets. [Doc. # 19]. Upon reopening, a claims bar date was set. Navient Solutions as servicer timely filed the DOE claim in the amount of $13,832.77 on December 18, 2020. [Claim No. 1]. Debtor filed his objection to the DOE claim on November 3, 2022. [Doc. # 37].

Under the Bankruptcy Code, the term "claim" is defined as:

> right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> right to equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5)(A) and (B). There is no dispute that Debtor's debt to DOE is within the Bankruptcy Code definition of "claim."

Section 502(a) of the Bankruptcy Code, 11 U.S.C. § 502(a), provides that a proof of claim filed under § 501(a) of the Bankruptcy Code, 11 U.S.C. § 501(a), is deemed allowed, and thus valid and enforceable, unless an objection is interposed by a party in interest. There is no dispute that the DOE claim was filed in accordance with § 501(a). Under Federal Rule of Bankruptcy Procedure 3001(f), "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." There is no dispute that the DOE claim was executed and filed in accordance with Bankruptcy Rules 3001 and 3002.

Debtors do not automatically have standing to object to claims in Chapter 7 cases. *Caserta v. Tobin*, 175 B.R. 773 (S.D. Fla. 1994) (Chapter 7 debtor, in case where there is no surplus, lacked standing to object to claim). In this case, based on the Trustee's recovery for the estate and the amount of claims filed (three general unsecured claims, for a total of $15,234.98, of which $13,832.77 is the DOE claim), Debtor stands to recover a distribution of surplus assets if the DOE claim is disallowed. Thus, Debtor has standing to object to the DOE claim because he has a pecuniary interest in the outcome of this contested matter and is a party in interest within the meaning of §502(a). *See In re Magnesium Corp. of America*, 583 B.R. 637, 649-50 (Bankr. S.D.N.Y. 2018) (debtor standing to object to claim limited to where there is a surplus over creditor claims). Also, nondischargeability of his student loan debt provides an alternative basis for Debtor's standing to object to the DOE claim. *See In re O'Donnell*, 2005 WL 1279268, *6, 326 B.R. 901 (6th Cir. B.A.P. May 19, 2005).

Section 502(b) of the Bankruptcy Code sets the standards against which the bankruptcy court shall decide allowance or disallowance of a claim when there is an objection filed by a party in interest:

> …[i]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States *as of the date of the filing of the petition*, and shall allow such claim in such amount, except to the extent that
>> (1) Such claim is unenforceable against the debtor and property of the debtor, under an agreement or applicable law for a reason other than because such claim is contingent or unmatured;[1]

11 U.S.C. § 502(b) and (b)(1) (emphasis added).

Even if it were inclined to do so, there is no reason to hold the objection in abeyance pending litigation over President Biden's proposed student loan forgiveness program, however it might come out and whatever it might mean to Debtor. Section 502(b) makes it clear that the time for determination of a claim is "as of the date of the filing of the petition," not some indeterminate later time depending on post-petition developments in the law and the facts and estate administration. *See In re Sears*, 863 F.3d 973, 978 (8th Cir. 2017)(post-petition misconduct is not a basis for disallowance of creditor's claim because Section 502(b) requires that the claim be determined as of the date of the filing of the petition); *In re Brown*, 606 B.R. 40, 46, n. 6 (9th Cir. B.A.P. 2019). That the petition date is the relevant time for assessing allowability coincides with § 501(a)'s specification that a "creditor" may file a proof of claim. Section 101(10)(A) in turn defines a creditor as "an entity that has a claim against the debtor that arose at the time of or before

---

[1] There are nine paragraphs under § 502(b) setting forth grounds for disallowing claims in whole or in part. The only one even arguably relevant to Debtor's objection is § 502(b)(1).

the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). And the "order for relief" arises when a voluntary case is commenced with the filing of a petition. 11 U.S.C. § 301.

DOE's claim is for a debt that existed at the time Debtor filed his voluntary petition. No challenge has been raised to the amount of the claim as filed. Subsequent developments that might affect the dischargeability of the debt as to Debtor were there no assets in this bankruptcy estate have nothing to do with the claim against the bankruptcy estate as a source of payment as of the petition date.[2] Where Congress deemed post-petition developments relevant to the claims allowance process, it enacted provisions to address such situations that do not apply to DOE's general unsecured claim. *See, e.g.,* 11 U.S.C. § 502(e)-(i).

For the reasons stated above and otherwise by the court on the record, President Biden's announcement of potential post-petition student loan forgiveness applicable to Debtor's federal student loans and his application to participate in the program should it go forward does not overcome the prima facie validity of the DOE claim as of the date of the petition.

**IT IS THEREFORE ORDERED** that Debtor's Objection [Doc. # 37] is **OVERRULED**. Claim No. 1 of Navient Solutions, LLC on behalf of Department of Education Loan Services is allowed as filed.

# # #

---

[2] The Bankruptcy Code values prompt estate administration, which is enabled by determining claims as of the date of the filing of the petition." Section 502(c) provides a mechanism for estimation of contingent or unliquidated claims the fixing of which "would unduly the administration of the estate." Deadlines for filing claims are set and there is a penalty for missing it because tardy claims are lower in priority of distribution, 11 U.S.C. § 726(a)(3).